PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL G. BLACKBURN, | ) | |
| | ) | CASE NO. 1:15cv1398 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| CAROLYN W. COLVIN, | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendant. | ) | **ORDER** [Resolving ECF No. 18] |

An Administrative Law Judge ("ALJ") denied Plaintiff Michael G. Blackburn's claims for supplemental security income ("SSI") and disability insurance benefits ("DIB") after a hearing held on October 15, 2013.  That decision became the final determination of the Commissioner of Social Security when the Appeals Council denied the request to review the ALJ's decision.  The claimant sought judicial review of the Commissioner's decision, and the Court referred the case to Magistrate Judge George J. Limbert for preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(1).  After both parties filed briefs, the magistrate judge submitted a Report and Recommendation reasoning that the Commissioner's decision should be vacated and remanded for the ALJ to reconsider whether Plaintiff's impairments meet or medically equal Listing 1.04A and to properly apply the treating physician rule.  *See* ECF No. 17.  Defendant filed objections to the Report and Recommendation.

(1:15cv1398)

ECF No. 18.  Plaintiff did not file a response.  For the reasons that follow, the Court sustains the

objections, modifies the Report and Recommendation, and affirms the decision of the

Commissioner of Social Security.

**I.**

When a magistrate judge submits a Report and Recommendation, the Court is required to

conduct a *de novo* review of the portions of the Report and Recommendation to which an

appropriate objection has been made.  28 U.S.C. § 636(b).  Objections to the Report and

Recommendation must be specific, not general, in order to focus the court's attention upon

contentious issues.  *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir.

1991).  The primary issue then becomes whether substantial evidence supports the

Commissioner's decision.  The Court's review of the Commissioner's decision is limited to

determining whether substantial evidence, viewing the record as a whole, supports the findings of

the ALJ.  *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978); *Bartyzel v. Comm'r of Soc.*

*Sec.*, 74 F. App'x 515, 522  23 (6th Cir. 2003).  Substantial evidence is more than a mere scintilla

of evidence, but less than a preponderance.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion."  *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229

(1938)); *Besaw v. Sec'y of Health & Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (per

curiam).

If substantial evidence supports the Commissioner's decision, a reviewing court must

affirm the decision even if it would decide the matter differently.  *Cutlip v. Sec'y of Health &*

2

(1:15cv1398)

*Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Kinsella v. Schweiker*,

708 F.2d 1058, 1059 (6th Cir. 1983) (per curiam)).  Moreover, the decision must be affirmed

even if substantial evidence would also support the opposite conclusion.  *Mullen v. Bowen*, 800

F.2d 535, 545 (6th Cir. 1986) (en banc).  This "standard allows considerable latitude to

administrative decision makers.  It presupposes that there is a zone of choice within which the

decisionmakers can go either way, without interference by the courts.  An administrative decision

is not subject to reversal merely because substantial evidence would have supported an opposite

decision."  *Id.* (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).  In determining,

however, whether substantial evidence supports the ALJ's findings in the instant matter, the

Court must examine the record as a whole and take into account what fairly detracts from its

weight.  *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).  The Court

must also consider whether the Commissioner employed the proper legal standards.  *Queen City*

*Home Health Care Co. v. Sullivan*, 978 F.2d 236, 243 (6th Cir. 1992).

To establish disability under the Social Security Act, a claimant must show that she is

unable to engage in substantial activity due to the existence of "a medically determinable

physical or mental impairment that can be expected to result in death or that has lasted or can be

expected to last for a continuous period of not less than twelve months."  *See* 42 U.S.C. §§

423(d)(1)(A), 1382c(a)(3)(A).  The claimant's impairment must prevent her from doing her

previous work, as well as any other work existing in significant numbers in the national

economy.  42 U.S.C. § 423(d)(2)(A).

In order for the Commissioner to find that a plaintiff suffers from a disability for which

(1:15cv1398)

he should receive benefits, the plaintiff must be unable to engage in any substantial gainful

activity due to the existence of a "medically determinable physical or mental impairment which

can be expected to result in death or which has lasted or can be expected to last for a continuous

period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Colvin v. Barnhart*, 475 F.3d 727,

730 (6th Cir. 2007). Under 42 U.S.C. § 1381, disabled individuals who meet certain income and

resources requirements are entitled to SSI benefits. *See also* 20 C.F.R. §§ 416.1100, 416.1201.

**II.**

Defendant lodged the following objections:

I.  The magistrate judge erred in finding that the ALJ failed to adequately consider whether Plaintiff meets or has a condition that medically equals the criteria in 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.04A.

II.  The magistrate judge erred in finding that the ALJ failed to adequately consider whether Dr. Heather Scullin, D.O.'s opinion was entitled to controlling weight as a treating physician opinion.

ECF No. 18.  The Court reviews the objections *de novo*.

**A.  Defendant's First Objection**

Defendant objects to the magistrate judge's finding that the ALJ failed to adequately

consider whether Plaintiff meets or has a condition that medically equals the criteria in 20 C.F.R.

Part 404, Subpart P, Appendix 1, § 1.04A.  ECF No. 18 at PageID # 1163_67.  Defendant's

objections to the medical listing and medical equivalency arguments will be addressed in turn.

**1.  Listing 1.04A**

Defendant first objects to the magistrate judge's decision that the ALJ only cited two

4

(1:15cv1398)

records to support her conclusion that Plaintiff's sensation and reflexes were generally intact, and therefore his impairment did not meet a finding of disabled under Listing 1.04A.  ECF No. 18 at PageID # 1163_66.  Defendant argues that although the ALJ's discussion was brief, it was sufficiently supported by substantial evidence in the record.  Id.

In order to determine whether a claimant is disabled, an ALJ must evaluate the claimant's impairments and ability to work using a five-step analysis laid out in the federal regulations.  20 C.F.R. §§ 404.1520(a), 416.920(a) (1992).  Under step three of this analysis, a claimant must present evidence to establish that his impairment meets or is medically equal to a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  An impairment must meet all of the criteria under a given listing to qualify as a disability.  Sullivan v. Zebley, 493 U.S. 521, 530_31 (1990); Hale v. Sec'y of Health & Human Svcs., 816 F.2d 1078, 1083 (6th Cir. 1987).  Even a severe impairment will not qualify for social security benefits if it does not meet all of the criteria.  Sullivan, 493 U.S. at 530.

To demonstrate an impairment under Listing 1.04A, a claimant must show:

1.04 Disorders of the spine  (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:

> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);

Listing 1.04A.

(1:15cv1398)

In his recommendation, the magistrate judge found that the ALJ only cited two instances in Plaintiff's medical history of abnormal sensation and no instances of abnormal reflexes.  ECF No. 17 at PageID # 1156 57.  Additionally, the magistrate judge indicated several instances in the record demonstrating that Plaintiff had abnormal reflexes and sensation.  *Id.* at PageID # 1157 (citing ECF No. 11 at PageID # 529, 550, 639, 641, 642, 653, 1065 66 (abnormal sensation); *id.* at PageID # 377, 565 66, 1065 66 (abnormal reflexes)).  Defendant objects, arguing that the magistrate judge misread the record and the ALJ's decision, and that the ALJ sufficiently supported her decision with substantial evidence.  ECF No. 18 at PageID # 1163 67.

In addressing Plaintiff's disability claim, the ALJ stated:

Finally, the undersigned considered section 1.04A.  While there is evidence of nerve root compression, as will be discussed below, the claimant's sensation and reflexes have generally been intact.

ECF No. 11 at PageID # 80.  The ALJ concluded that because Plaintiff did not have abnormal sensation and reflexes, two criteria under Listing 1.04A, she could not find that Plaintiff's impairments met the listing.

Although the magistrate judge correctly identified several instances in the record of decreased sensation, abnormal reflexes, and a positive straight leg test, the substantial evidence standard does not permit a court to overturn an ALJ simply because there is evidence to support the opposite conclusion.  *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc).  Instead, the standard requires the reviewing court to affirm the ALJ as long as her decision is adequately supported by substantial evidence and applied correct legal standards.  *White v. Comm'r of Soc.*

6

(1:15cv1398)

*Sec.*, 572 F.3d 272, 281 (6th Cir. 2009).  In this case, the ALJ included sufficient evidence to adequately support her finding of not disabled.  Although the ALJ did not cite to the record here, later on in her decision she identified numerous instances in Plaintiff's medical records that demonstrate normal reflexes, strength and sensation.  ECF No. 11 at PageID # 81  83.  In her three-page discussion of Plaintiff's symptoms, the ALJ included seventeen citations to the record, nine of which indicated normal sensation, reflexes, or both.  *Id.* at PageID # 81  83.  For example, the ALJ noted that Plaintiff's medical records reflected specific instances of normal sensation in October 2011, November 2011, and February 2013, a normal examination generally in July 2012, and a nerve conduction study in September 2013 that failed to show any evidence of lower extremity neuropathy.  *Id.*  Additionally, even though the ALJ did not discuss Plaintiff's reflexes specifically, she cited to numerous instances in the record showing normal or increased reflexes, including examinations performed in October 2011, November 2011, March 2012, and December 2012.  *Id.*  Therefore, given the breadth of the evidence the ALJ used to support her argument, the ALJ's decision was adequately supported by substantial evidence such that "a reasonable mind might accept as adequate to support a conclusion."  *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009).

Moreover, the ALJ need not address every piece of evidence in the record to render a decision supported by substantial evidence.  *Price v. Heckler*, 767 F.2d 281, 284 (6th Cir. 1985) (finding even a brief discussion of the ALJ's findings of fact sufficient to satisfy the substantial evidence test).  For example, although the magistrate judge indicated that the ALJ did not sufficiently address Plaintiff's positive straight leg on March 1, 2012, ECF No. 11 at PageID #

7

(1:15cv1398)

377, the ALJ discussed this test in her own decision. *Id.* at PageID # 82.  The ALJ explained that at that same appointment, the treating doctor noted that Plaintiff's strength was full, *id.,* and throughout her decision, the ALJ cited two other instances of negative straight leg tests.  *Id.* at PageID # 81  83 (citing *id.* at PageID # 351, 539).  This is adequate reason to discount the March 1, 2012 test.  *Price,* 767 F.2d at 284.  The magistrate judge also identified evidence of decreased reflexes on October 8 and 18, 2012, ECF No. 11 at PageID # 565  72, but given that Plaintiff had just had back surgery, it was reasonable for the ALJ to credit instead a relatively normal exam two months later and consider the instances of decreased reflexes an anomaly.  *Id.* at PageID # 82.  Finally, although the magistrate judge highlighted two other instances of decreased sensation in August 2012, *id.* at PageID # 639, 641, given the deferential nature of the substantial evidence test, it would be improper for the Court to overrule Defendant's objections based on just two occasions.  *See Besaw v. Sec'y of Health & Human Servs.,* 966 F.2d 1028, 1030 (6th Cir. 1992) (citing *Brainard v. Sec'y of Health & Human Servs.,* 889 F.2d 679, 681 (6th Cir. 1989) (defining substantial evidence as "more than a scintilla of evidence but less than a preponderance").

Furthermore, although the magistrate judge identified numerous instances of diminished sensation in Plaintiff's legs, ECF No. 18 at PageID # 1157, all but two of these citations were to the "Problem List" that appears on every record of Plaintiff's visits to the Cleveland Clinic.  ECF No. 11 at PageID # 529, 550, 639, 641, 642, 653, 657.  The Problem List notes that "decreased leg sensation" occurred on June 3, 2011.  *Id.*  The medical records, spanning from 2011 through 2013, often contradict this symptom, usually indicating normal sensation in the examination notes.  *Id.*  It is these examination notes, rather than the Problem List, that the ALJ relied on for

8

(1:15cv1398)

her decision.[1] *Id.* at PageID # 81  83.

Given the ALJ's thorough discussion of Plaintiff's medical records, her conclusion that Plaintiff's disability did not meet Listing 1.04A was supported by substantial evidence, and the ALJ's decision should stand.

### 2. Medical Equivalence

Defendant also objects to the magistrate judge's finding that the ALJ did not sufficiently consider whether Plaintiff's impairments were medically equivalent to Listing 1.04A. ECF No. 18 at PageID # 1166  67. Defendant argues that the ALJ adequately supported her decision with evidence from the record and the opinion of Dr. Eli Perencevich. *Id.*

As an alternative to meeting a listing under 20 C.F.R. Part 404, Subpart P, Appendix 1, a claimant can demonstrate a disability by showing that his symptoms or diagnoses are "at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. § 404.1526(a). Medical equivalence can be established three ways:

(1)(i) If you have an impairment that is described in appendix 1, but

---

[1] The records indicate that the Problem List functions more like a medical history than a continuing list of symptoms. Although some of the issues on the Problem List are ongoing illnesses, like Plaintiff's Degenerative Disc Disease diagnosis, other items are more temporary. For example, the Problem List from a visit on December 7, 2012 includes a "postoperative wound infection" dated October 13, 2012. ECF No. 11 at PageID # 653. The notes from the December visit, however, indicate that the infection was treated and antibiotics completed two weeks after the patient was discharged on October 31, 2012. *Id.* at PageID # 651. That the infection remained on the Problem List despite having already resolved exemplifies that the Problem List functions more like a history than a current list. Therefore, although decreased leg sensation remained on the Problem List, it was appropriate for the ALJ to disregard this symptom as medical history, especially given the normal sensory evaluations that often followed these lists.

(1:15cv1398)

>(A) You do not exhibit one or more of the findings specified in the
>particular listing, or
>
>(B) You exhibit all of the findings, but one or more of the findings is not
>as severe as specified in the particular listing,
>
>(ii) We will find that your impairment is medically equivalent to that
>listing if you have other findings related to your impairment that are at least of
>equal medical significance to the required criteria.
>
>(2) If you have an impairment(s) that is not described in appendix 1, we will
>compare your findings with those for closely analogous listed impairments. If the
>findings related to your impairment(s) are at least of equal medical significance to
>those of a listed impairment, we will find that your impairment(s) is medically
>equivalent to the analogous listing.
>
>(3) If you have a combination of impairments, no one of which meets a
>listing (see § 404.1525(c)(3)), we will compare your findings with those for
>closely analogous listed impairments. If the findings related to your impairments
>are at least of equal medical significance to those of a listed impairment,
>we will find that your combination of impairments is medically equivalent to
>that listing.

20 C.F.R. §§ 404.1526(b)(1)-(3).  Because the medical equivalency analysis requires evaluating

two different sets of symptoms and deciding if they are similarly debilitating, the decision must

be based on medical evidence.  *Id.* § 404.1526(c).  In reviewing an ALJ's decision on medical

equivalency, the substantial evidence standard still applies.  42 U.S.C. § 405(g); *Dorton v.*

*Heckler*, 789 F.2d 363, 366 (6th Cir. 1986).

 The ALJ adequately supported her decision that Plaintiff's symptoms were not medically

equivalent to a listing.  The ALJ began her discussion of the cumulative effect of Plaintiff's

medical conditions by evaluating their effect on his ability to ambulate.  ECF No. 11 at PageID #

80.  The ALJ acknowledged that Plaintiff's medical records include evidence of spine and hip

(1:15cv1398)

problems, but also noted that the record does not indicate that Plaintiff's use of crutches and a wheelchair to ambulate were supported by medical documentation, as required by Social Security Ruling 96-9p.  The ALJ then found that Plaintiff's medical record largely reflected the conclusion that his strength, sensation, and reflexes were mostly intact.  ECF No. 11 at PageID # 80 83.

Finally, the ALJ relied on and found credible the conclusions of Dr. Eli Perencevich, D.O., who evaluated Plaintiff's medical records and specifically rejected both the medical listing and medical equivalency arguments.  Id. at PageID # 83, 157 58.  Dr. Perencevich used a "Disability Determination and Transmittal Form."  Id.  This form requires doctors to use certain codes contained in the Social Security Administration's Program Operations Manual System.  Of the many codes a doctor may choose to input on the form, "A61" indicates that the claimant's impairments meet a listing and "A62" indicates that the impairment equals a listing.  POMS DI 26510.045.  By instead choosing "J1" and "N32" on his form, ECF No. 11 at PageID # 157 58 (indicating a capacity for work), Dr. Perencevich rejected the medical equivalency argument. Therefore, the ALJ was correct in relying on Dr. Perencevich's opinion in her decision that Plaintiff's impairments were not medically equivalent to a listing.

Although the magistrate judge appropriately highlighted that Plaintiff had been diagnosed with various spine and hip problems, the combination of which could potentially equal a listing, ECF No. 17 at PageID # 1158, it is not true that the ALJ's conclusion needed to be more specific. Under the deferential substantial evidence standard, as long as an ALJ's decision is reasonably supported by evidence, it must be affirmed.  Lindsley v. Comm'r of Soc. Sec., 560 F.3d 601, 604

11

(1:15cv1398)

(6th Cir. 2009). The Sixth Circuit has held that even brief explanations of an ALJ's decision to reject an argument of medical equivalency will suffice when they are supported by the record or elsewhere in the opinion. *Forrest v. Comm'r of Soc. Sec.*, 591 F. App'x 359, 364 66 (6th Cir. 2014) (unpublished opinion) (finding sufficient ALJ's lone statement that, "[t]he record does not contain any clinical findings or diagnostic laboratory evidence of an impairment or combination of impairments that would meet the requirements for any listed physical impairment[,]" when it was supported by evidence elsewhere in the record); *Bledsoe v. Barnhart*, 165 F. App'x 408, 411 (6th Cir. 2006) (unpublished opinion) (holding that ALJ's decision was supported by substantial evidence where ALJ explicitly stated that he considered the combination of all impairments, but did not spell out each fact for a second time in his analysis, and noting that a "heightened articulation standard would be inconsistent with this court's rulings."). In this case, the ALJ did more than just provide a brief statement; she cemented her reasoning and analysis for that decision by citing to the record, a doctor's opinion, and a Social Security Ruling. ECF No. 11 at PageID # 80 83. Therefore, given that her decision is supported by substantial evidence, as discussed above, it would be improper to overturn her judgment on these grounds.

The magistrate judge also indicated that the ALJ failed to rely on medical evidence in making her decision, as required under federal regulation. ECF No. 17 at PageID # 1159; 20 C.F.R. § 404.1526(c). Although it is true that the ALJ did not have a medical expert's live testimony at the hearing, she explained in her decision that she gave great weight to Dr. Perencevich, whose opinion she found to be consistent with the record. ECF No. 11 at PageID # 83. Although the Sixth Circuit has been clear that the ALJ's decision must be supported by

12

(1:15cv1398)

medical evidence, *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414–15 (6th Cir. 2011)

(unpublished case) (finding an ALJ's decision unsupported by substantial evidence when the ALJ

simply gave a conclusory statement concerning claimant's medical equivalency), there is no case

law to support the proposition that this evidence must include live testimony.  In fact, such a

conclusion would contradict the federal regulations, which state that medical equivalence will be

determined by considering "all evidence in [the] case record about [claimant's] impairment(s)[.]"

20 C.F.R. § 404.1526(c).

Given the deference provided to the ALJ under the substantial evidence standard, and

because the ALJ adequately supported her decision with citations to the record, a Social Security

Ruling, and Dr. Perencevich's opinion, her determination that the listing was not medically

equivalent to a listing must stand.

### B. Defendant's Second Objection

Defendant objects to the magistrate judge's recommendation that the case be remanded to

the ALJ for application of the treating physician rule.  ECF No. 18 at PageID # 1167–69.

Defendant argues that the ALJ appropriately supported her decision to disregard Dr. Heather

Scullin, D.O.'s opinion based on its inconsistency with the evidence in the record.

A treating doctor's opinion will be given controlling weight as long as it is well supported

by medically-acceptable clinical and laboratory diagnostic techniques and the opinion is not

inconsistent with other evidence. 20 C.F.R. § 404.1527(c)(2).  This rule does not prohibit an ALJ

from resolving conflicts in the evidence, and the ALJ is not bound by a doctor's conclusory

statements. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (citations omitted).  An ALJ

13

(1:15cv1398)

must also give good reasons for the weight she gives to a treating source's opinion.  20 C.F.R. §
404.1527(c)(2); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541 (6th Cir. 2004).  If a medical
opinion is not given controlling weight, it will be evaluated under the factors contained in 20
C.F.R. § 404.1527(c).

   In this case, the ALJ adequately explained why she chose to only give "some weight,"
rather than controlling weight, to Dr. Scullin's opinion.  ECF No. 11 at PageID # 80  83 (ALJ
decision); *id.* at PageID # 1067  70 (Dr. Scullin's opinion).  The ALJ ultimately concluded that
although Dr. Scullin did treat Plaintiff, her findings were inconsistent with the evidence, and
therefore did not need to be afforded controlling weight under 20 C.F.R. § 404.1527(c)(2).  For
example, although Dr. Scullin found that Plaintiff was incapable of walking even one block,
sitting more than five minutes, or standing more than five minutes at a time, ECF No. 11 at
PageID # 1067  70, the ALJ found no evidence of medically prescribed crutches or a wheelchair,
and evidence of normal strength, sensation, and reflexes.  *Id.* at PageID # 80  83.  The ALJ also
highlighted the fact that Dr. Scullin's "extreme" recommendation was not adequately supported
by the two treatment records she submitted to the court    in fact, it was contradicted by one
record that showed no evidence of lower extremity neuropathy.  *Id.* at PageID # 1065  66.
Additionally, the ALJ highlighted that although Dr. Scullin claimed to see Plaintiff every one or
two months, the evidence in the record only indicated that she had seen him twice between
October 2012 and the hearing, held in October 2013.  *Id.* at PageID # 709, 1065  66.  Finally,
there was no need for the ALJ to discuss whether Dr. Scullin's opinion was consisted with
medically-acceptable clinical and laboratory diagnostic techniques.  The controlling weight test

14

(1:15cv1398)

requires the opinion to be both consistent with the evidence and well supported by medically-acceptable techniques.  20 C.F.R. § 404.1527(c)(2).  Because Dr. Scullin's opinion failed on the former, there was no need to delve into the latter.  Therefore, because the ALJ sufficiently laid out the facts supporting her decision that Dr. Scullin's opinion was inconsistent with the evidence, the ALJ correctly declined to afford controlling weight to Dr. Scullin.

      For these reasons, the ALJ adequately justified her rejection of Dr. Scullin's opinion as being inconsistent with the objective medical evidence, and Defendant's objection will be sustained.

**III.**

      Defendant's objections to the magistrate judge's Report and Recommendation are sustained.  The Court modifies the findings that the ALJ's disability determination was not supported by substantial evidence and that the ALJ's discussion of Dr. Scullin's opinion was inadequate, and adopts the findings not objected to and not inconsistent with this Order.  Accordingly, the decision of the Commissioner of Social Security is affirmed.


      IT IS SO ORDERED.


  September 15, 2016                     _/s/ Benita Y. Pearson_          
Date                                     Benita Y. Pearson
                                     United States District Judge